[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14140
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14026-RLR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KUMAR SAHADEO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 28, 2016)

Before TJOFLAT, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Defendant Kumar Sahadeo appeals his 27-month sentence, imposed after he pleaded guilty to illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2).  On appeal, Defendant argues that his sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors.  He further asserts that the district court unreasonably denied his motion for a downward variance.  After careful review, we affirm.

## I.  BACKGROUND

In June 2014, Defendant, a native and citizen of Guyana, was removed from the United States.  Defendant was later arrested in Florida in March 2015 in connection with an alien smuggling investigation.  Following his arrest, Defendant admitted that he had been deported twice previously:  in 1999 and 2014.

Defendant subsequently pleaded guilty to one count of illegal reentry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2).  The Presentence Investigation Report ("PSR") assigned Defendant a base offense level of 8, pursuant to U.S.S.G. § 2L1.2(a).  Defendant received a 12-level enhancement under § 2L1.2(b)(1)(A)(ii) because he was previously deported after two convictions for crimes of violence that did not receive any criminal history points.  With a two-level reduction for acceptance of responsibility, Defendant's total offense level was 18.  Based on a total offense level of 18 and a criminal history category of I, Defendant's guideline range was 27 to 33 months' imprisonment.

Defendant filed a motion for a downward variance. He asserted that the § 3553(a) factors supported a downward variance because he had a tough childhood, he was an "avid father," and his prison sentence would be more severe due to his status as a non-citizen.

At sentencing, the district court addressed Defendant's challenge to the Government's decision not to move for an additional one-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b). Defendant argued that he was being penalized for having exercised his right to consult an immigration attorney before pleading guilty. The Government responded that it did not move for the additional one-point reduction because it had spent significant effort preparing for trial, as Defendant did not inform the Government of his intentions to plead guilty until the week of trial. The district court overruled Defendant's objection.

Defendant then renewed his request for a downward variance based on his tough upbringing and the disadvantages he would face in prison because he was not a U.S. citizen. Citing the § 3553(a) factors, the district court denied Defendant's request for a downward variance. The district court consequently sentenced Defendant to 27 months' imprisonment.

3

## II.  DISCUSSION

Using a two-step process, we review the reasonableness of a district court's sentence for abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir.), *cert. denied*, 135 S. Ct. 764 (2014).  We first look to whether the district court committed any procedural error, and then we examine whether the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1]  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *United States v. Pugh*, 515 F.3d 1179, 1189 (11th Cir. 2008).  We will only vacate a defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (quotation omitted).

Here, Defendant has not shown that his sentence is substantively unreasonable.  At the outset, we expect Defendant's 27-month sentence—which is at the low end of the advisory guideline range—to be reasonable.  *See United*

---

[1] The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

*States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("Although we do not automatically presume a sentence within the guidelines range is reasonable we . . . expect a sentence within the Guidelines range to be reasonable." (quotation omitted)).   Moreover, his 27-month sentence was well below the 20-year statutory maximum sentence under 8 U.S.C. § 1326(b)(2). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (suggesting that a sentence well below the statutory maximum is an indicator of reasonableness).

Contrary to Defendant's arguments, the § 3553(a) factors did not support a downward variance.  As noted by the district court, a downward variance was not warranted based on the nature and characteristics of the offense, the need for the sentence to reflect the seriousness of the offense, the need to promote respect for the law and afford adequate deterrence, and the need to protect the public from further crime.  Indeed, Defendant had a lengthy criminal history, including convictions for burglary, armed burglary, and aggravated battery.  Also, this was the second time Defendant had illegally reentered the United States after being deported.  Given that he reentered the United States less than one year after his most recent deportation suggests a need for deterrence and to promote respect for the law. *See* 18 U.S.C. § 3553(a)(2).  It was entirely within the district court's discretion to assign more weight to these factors than to Defendant's mitigating circumstances. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)

5

("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotations omitted)).

Further, Defendant's argument regarding the disparate treatment and prolonged detention that he would suffer due to his alien status does not necessitate a downward variance because all defendants convicted of illegal reentry are non-citizens, and thus would be subject to the same treatment as Defendant. We are also not persuaded by Defendant's argument that the district court should have imposed a downward variance because the Government failed to file a motion for an additional one-level reduction under U.S.S.G. § 3E1.1(b). Defendant took two months to obtain immigration advice and did not confirm his decision to plead guilty until one week before trial. Because the Government expended significant time and energy in preparing for trial, the district court was within its discretion not to consider the unavailability of an additional reduction for acceptance of responsibility. *Cf. United States v. Bourne*, 130 F.3d 1444, 1446–47 (11th Cir. 1997) (explaining that an additional one-level acceptance-of-responsibility reduction was not warranted where the defendant's guilty plea was not timely).

In short, Defendant has not met his burden of showing that the district court abused its discretion by imposing a 27-month sentence. Accordingly, Defendant's sentence is **AFFIRMED**.